UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DEBORAH BONN, Individually as Surviving
Mother and as Administrator and Personal
Representative of the Estate of ELIZABETH
BONN, deceased, and on behalf of all surviving
next of kin, including, THOMAS W.
BONN, decedent's Father, and
THOMAS BONN, decedent's Brother,

                            Plaintiffs,

vs.

L-3 COMMUNICATIONS CORPORATION,

                            Defendant.
-----------------------------------------------------------x

JUDGE MARRERO

08 CV 00054

Civil Action No.:

**COMPLAINT**

RECEIVED JAN 09 2008 U.S.D.C. S.D.N.Y. CASHIERS

**JURY TRIAL DEMANDED**

      Plaintiff DEBORAH BONN, individually as natural mother and as Administrator and Personal Representative of Estate of ELIZABETH BONN, deceased, and on behalf of all surviving next of kin, including THOMAS W. BONN, decedent's father, and THOMAS BONN, decedent's brother, by her attorneys, KREINDLER & KREINDLER LLP, and MICHAEL J. ANTHONY, ESQ., file this Complaint for wrongful death and survival damages against defendant L-3 COMMUNICATIONS CORPORATION and in support thereof allege the following:

### JURISDICTION, PARTIES AND VENUE

      1.     Subject matter jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332, in that the plaintiffs and defendants are from different states and that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

      2.     Plaintiff DEBORAH BONN is a citizen and resident of the Commonwealth of Pennsylvania and the Administrator and Personal Representative of the Estate of Elizabeth Bonn, decedent, and the surviving parent and mother of the decedent, Elizabeth Bonn, who at the time of her death was a citizen of Pennsylvania. Deborah Bonn brings this lawsuit for benefit of all surviving next of kin and beneficiaries of decedent Elizabeth Bonn, to include DEBORAH BONN,

as natural mother, father THOMAS W. BONN, and brother THOMAS BONN, all of whom are citizens of the Commonwealth of Pennsylvania.

3. Upon information and belief, defendant L-3 COMMUNICATIONS CORPORATION is a Delaware corporation conducting business in the State of New York and maintains its principal place of business in the State of New York at 600 Third Avenue, New York, New York 10016.

4. Venue in this District is proper pursuant to 28 U.S.C. § 1391 in that L-3 COMMUNICATIONS CORPORATION is based and resides in the Southern District of New York and, further, that L-3 COMMUNICATIONS CORPORATION is a Delaware corporation conducting business in the State of New York and maintains its principal place of business in the State of New York at 600 Third Avenue, New York, New York 10016.

## BACKGROUND

5. On January 10, 2006, Elizabeth Bonn was a commissioned officer in the United States Navy attached to United States Navy Training Squadron (VT) 86, based in Pensacola, Florida, and aboard a T-39 Sabreliner aircraft (Bureau Number 165524) ("subject-aircraft") operated by defendant L-3 COMMUNICATIONS CORPORATION.

6. On January 10, 2006, the subject-aircraft crashed near Rome, Georgia, while being operated for profit by defendant L-3 COMMUNICATIONS CORPORATION, and their agents, including David Roark, deceased, as a civilian contractor, and the pilot in command, who was an employee, agent, and servant of defendant L-3 COMMUNICATIONS CORPORATION and acting within the scope of his employment and/or agency with the permission, ratification and/or consent of defendant L-3 COMMUNICATIONS CORPORATION.

7. On January 10, 2006, during the subject crash sequence, Elizabeth Bonn sustained serious and deadly bodily injuries, experienced horrific fright, and great mental pain and suffering arising from the actions of defendant L-3 COMMUNICATIONS CORPORATION as set forth herein.

## CAUSE OF ACTION BASED ON NEGLIGENCE

8.      Plaintiffs hereby incorporate each and every allegation contained in paragraphs 1 through 11 above.

9.      Upon information and belief, prior to and on January 10, 2006, and at all other relevant times herein, defendant L-3 COMMUNICATIONS CORPORATION, by and through its officers, agents, employees, servants, joint venturers and/or representatives, controlled, used and operated the subject-aircraft for profit.

10.     Upon information and belief, prior to and on January 10, 2006, and at all other relevant times herein, defendant L-3 COMMUNICATIONS CORPORATION, and/or its officers, agents, employees, servants, joint venturers and/or representatives, undertook to provide pilot David Roark as pilot in command of the subject aircraft, who as alleged previously was operating the subject-aircraft when it crashed; as part of his duties as pilot in command, and defendant L-3 COMMUNICATIONS CORPORATION, through its agents and employees, and each of them, was required to conduct proper pre-flight planning and adhere to reasonable and prudent practices to avoid controlled flight into terrain and adhere to reasonable procedures regarding low level flight operations in mountainous terrain (to include, but not limited to, calculating weight and balance check(s) for the day and flight operation in question, adhering to appropriate flight limitations and standards and performing accurate aircraft performance/power calculations).

11.     Upon information and belief, prior to and on January 10, 2006, and at all other relevant times herein, defendant L-3 COMMUNICATIONS CORPORATION, by and through its officers, agents, employees, servants, joint venturers and/or representatives, certified pilot David Roark's proficiency on various aviation subjects, including, but not limited to, T-39 Saberliner aircraft systems and operations, weight and balance computations, aviation weather, aerodynamics, cross-country flight planning, low level flight, flying in mountainous terrain, navigation and emergency procedures and avoiding controlled flight into terrain.

12. Upon information and belief, prior to and on January 10, 2006, and at all other relevant times herein, defendant L-3 COMMUNICATIONS CORPORATION, through its officers, agents, employees, servants, joint venturers and/or representatives, owed Elizabeth Bonn, deceased, a duty to exercise reasonable care in respect to operation, training and instructions regarding the control and operation of the subject aircraft, ensuring that the subject aircraft was operated so as not inadvertently to come in contact with the ground and cause injury, and providing instruction and training to all persons such as pilot David Roark, to safely operate the subject-aircraft and avoiding controlled flight into terrain.

13. Upon information and belief, prior to and on January 10, 2006, and at all other relevant times herein, defendant L-3 COMMUNICATIONS CORPORATION, through its officers, agents, employees, servants, joint venturers and/or representatives, owed Elizabeth Bonn, deceased, a duty of care to ensure that the subject-aircraft under the control of their pilots, including David Roark was operated safely and not in an unreasonably dangerous manner and to ensure that the subject-aircraft was operated so as not to inadvertently come in contact with the ground and cause injury to occupants of the aircraft and to avoid controlled flight into terrain.

14. Upon information and belief, prior to and on January 10, 2006, and at all other times relevant hereto, said crash, injury and resulting damages and death to Elizabeth Bonn were caused by and/or contributed to by the acts or omissions of defendant L-3 COMMUNICATIONS CORPORATION, through its officers, agents, employees, servants, joint venturers and/or representatives, in that they carelessly and negligently operated the subject-aircraft and subject-flight and carelessly and negligently failed to supervise pilot David Roark so as to avoid flying the subject aircraft into the terrain, allowed the subject aircraft to come in contact with the ground at a high rate of speed and flying the aircraft into the nearby terrain and otherwise breached their duties to Elizabeth Bonn.

15. As a direct and proximate result of the careless and negligent acts and practices described above, defendant L-3 COMMUNICATIONS CORPORATION, through its officers, agents, employees, servants, joint venturers and/or representatives, is liable to plaintiffs for damages on account of the wrongful death and pre-death pain and suffering experienced by Elizabeth Bonn and her surviving next of kin in such amount as proven at trial.

WHEREFORE, as a direct and proximate result of the foregoing acts and omissions of the defendant L-3 COMMUNICATIONS CORPORATION, through its officers, agents, employees, servants, joint venturers and/or representatives, and the resulting death of Elizabeth Bonn, plaintiff Deborah Bonn, prays as follows:

(a) That compensatory damages be awarded in accordance with law or losses incurred, including the full value of the life of Elizabeth Bonn, lost past and future substantial earnings, all past, current and future pecuniary loss suffered by decedent's estate and beneficiaries and all other wrongful death and survival damages allowed under applicable law, including both economic and non-economic damages, to include, but not limited to, the loss of services and loss of affection and care;

(b) That damages be awarded in such amount as a jury deems just and appropriate for the conscious physical and mental pain and suffering experienced by decedent Elizabeth Bonn prior to her death;

(c) For such other and further relief that this Court deems just and appropriate; and

(d) For a trial by jury.

Dated: January 3, 2008
New York, New York

Respectfully submitted,

KREINDLER & KREINDLER LLP

FRANCIS G. FLEMING, ESQ. (FF 9574)
DANIEL O. ROSE, ESQ. (DR 9012)
MICHAEL R. SHERWIN, ESQ. (MS 4182)
100 Park Avenue
New York, New York 10007
Phone (212) 687-8181
Facsimile (212) 972-9432