

# KREINDLER & KREINDLER LLP

Harry E. Kreindler (1919-1984)
Lee S. Kreindler (1949-2003)
Marc S. Moller
Steven R. Pounian
James P. Kreindler
David C. Cook
David Beekman
Noah H. Kushlefsky
Robert J. Spragg
Brian J. Alexander
Justin T. Green
Andrew J. Maloney III
Daniel O. Rose

Francis G. Fleming
Paul S. Edelman
Milton G. Sincoff
John J. Veth*°
Counsel

100 Park Avenue
New York, NY 10017-5590
(212) 687-8181
Fax: (212) 972-9432
www.kreindler.com

January 16, 2008

Susan D. Bainnson
William O. Angelley
Michael R. Sherwin
Hilary B. Taylor
Elizabeth Crotty
Megan Benett

**California Office**
Gretchen M. Nelson*
Stuart R. Fraenkel*
Mark I. Labaton*

Gabriel Barenfeld*

**Massachusetts Office**
Anthony Tarricone+

Susan A. Friery, M.D.°
James D. Gotz*
Joseph P. Musacchio*

*Admitted in CA only
+Admitted in MA only
°Admitted in MA & DC only
°Resident in CA office

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/08
```

***VIA FACSIMILE AND ECF FILING***

Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street, Room 660
New York, New York 10007-1581

    Re:   **Bonn v. L-3 Communications Corp., et al.**
           08-CV-0054 (VM)

Dear Judge Marrero:

      In response to your Order of January 10, 2008, plaintiffs respectfully believe the Court should not change venue in this matter for the following reasons.

      The subject case arises out of an aircrash due to the fact that the civilian pilot flew the aircraft below written permissible minimum altitude, and allowed a fully functioning and controllable aircraft to inadvertently come in contact with the ground, resulting in the deaths of three servicemen and women on board. The aircraft was a United States Navy training flight operated by a civilian contractor, L-3 Communications Corporations ("L-3") (and its divisions and employees). L-3 has its principal place of business at 600 Third Avenue, New York, New York. According to the Federal Judiciary's PACER System, L-3 has been sued in the Southern District of New York in no fewer than 450 cases since at least 1990. (*See* http://pacer.psc.uscourts.gov). I believe L-3 will be represented by Mendes & Mount, also in New York.

      In regard to the liability issues in this case, the crash was investigated by the United States Navy and its findings are set forth in a written report in admissible form. (*See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153 (1988)). The investigation revealed not only that the pilot negligently operated the aircraft below the minimum specified safe altitude, but also that the pilot may not have

Honorable Victor Marrero
08-CV-0054 (VM)
January 16, 2008
Page 2

had the proper FAA rating for the aircraft involved as required under the contract with the U.S. Navy. These areas will be the subject of discovery, but they have no particular locus in either Florida, Georgia or Pennsylvania. With respect to airman certification, the Airmen's Registry is maintained by the FAA in Oklahoma City, Oklahoma.

There is no need for eyewitness testimony from Georgia witnesses even though the crash occurred in Georgia. The fact that the crash took place in Georgia is essentially a fortuity. Furthermore, neither is Florida a location of "material events, documents, persons [or] potential witnesses" related to L-3's legal responsibility for this crash. It cannot be seriously debated that the pilot was negligent; the essence of this case in this District concerns doctrines of agency, control, respondeat superior and imputed liability, as to which plaintiffs expect the overwhelming weight of evidence to be located in New York, where L-3 has its principal place of business. In contrast to New York, neither Florida nor Georgia provides a forum which is any more convenient than the defendants' principal place of business in respect to the liability issues in this case.

On the subject of damages, the decedent is a graduate of the State University of New York Maritime College located in Fort Schuyler, New York City. The decedent gained her commission in the United States Navy upon graduation from Fort Schuyler. There are numerous witnesses who reside in the New York City vicinity who will be asked to provide testimony regarding the decedent's traits, capacities, and background, such as professors and instructors at SUNY Maritime. Decedent's parents and brother live about an hour away in nearby Pennsylvania.

In addition to the above referenced action addressed by your Order, *Bonn v. L-3 et al.*, 08-CV-00054, there are two other related cases, *Manse v. L-3 et al.*, 08-CV-0130, and *Davis v. L-3 et al.*, 08-CV-0132, docketed in the Southern District of New York. Neither of these plaintiffs has selected Florida or Georgia as their choice of forum for the same reasons discussed above, namely, there is neither critical evidence, witnesses nor other evidence located in Florida or Georgia.

New York is the most logical state from which the discovery in all of these actions can be effectively managed under the purview and supervisory guidance of one court. If the plaintiffs in these matters had selected their respective residences as the basis for venue (which may not be a sufficient basis given that subject matter jurisdiction is founded upon diversity) (28 U.S. §1391(b)), that would have resulted in separate filings in separate district courts and doubtlessly a motion by L-3 to the Multi-District Litigation Panel for handling under 28 U.S. §1407. Thus, although it may not be plain from looking at one of the complaints, the interests of justice related to efficiency also appear to plaintiffs to favor keeping this action in the Southern District of New York.

Honorable Victor Marrero
08-CV-0054 (VM)
January 16, 2008
Page 3

In this Circuit, plaintiff's choice of forum "should rarely be disturbed" *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947); *see also Hernandez v. Blackbird Holdings, Inc.*, No. 01 Civ. 4561, 2002 WL 265130, at *1 (S.D.N.Y. Feb. 25, 2002). Unless the balance of the convenience of the parties and witnesses and/or the interests of justice is shown to *strongly* favor by "clear and convincing evidence" §1404 transfer, the plaintiffs choice of forum should not be disturbed. *Id.* Plaintiffs submit that upon analysis of the details, this standard for transfer is not met in this case even though the crash occurred outside of New York. A § 1404 motion, if brought by defendants, would in plaintiffs view likely be unsuccessful. However, unless and until defendants move for this relief and plaintiffs can evaluate the extent to which defendants can demonstrate by "clear and convincing" evidence that the convenience of the witnesses and parties and the interests of justice would be enhanced by transfer, and/or be heard in opposition, venue should not be altered by the Court.

Finally, the fault of L-3 as described above is a serious matter. Under its contract with the United States Navy, L-3 was required to provide a competent and legally rated pilot for this flight. L-3 failed to do so in several respects, doubtlessly for economic reasons. The record reveals that the pilot was so distracted and or unfit that he could not even maintain the required margin of safety regarding altitude, "job one" in respect to the operation of aircraft. He completely failed to keep a fully functioning aircraft at least 500 feet above the ground as the Navy required and allowed it to crash. In the interest of justice, therefore, plaintiffs submit that their choice of forum ought not be upset. Although the crash occurred elsewhere, this case is not unrelated to New York; to the contrary, this case has a substantial and substantive connection to New York. Neither the convenience of the witnesses and parties nor the interests of justice requires that it be dismissed or transferred.

If the Court decides to transfer the case out of this District, plaintiffs respectfully request that the action be sent to the Northern District of Florida, which was the intended destination of the flight and the residences of family members in the other related lawsuits mentioned above.

Respectfully submitted,

KREINDLER & KREINDLER LLP

By: _____
Francis G. Fleming (FF-9574)
Michael R. Sherwin (MS-4182)

> A status conference herein is scheduled for 1-25-05 at 11:00 a.m. to address the matter described above by plaintiffs in this case and the two related cases filed in this Court by the same
> SO ORDERED. counsel. The Court notes that plaintiffs in these cases are Florida residents.
> 1-16-08
> DATE       VICTOR MARRERO, U.S.D.J.

FGF:MRS:ie

214929
v1